# IN THE SUPREME COURT OF THE STATE OF DELAWARE

BANDERA MASTER FUND LP, §
BANDERA VALUE FUND LLC, §
BANDERA OFFSHORE VALUE § No. 439, 2024
FUND LTD., LEE-WAY §
FINANCIAL SERVICES, INC., § Court Below: Court of Chancery
and JAMES R. MCBRIDE, on behalf § of the State of Delaware
of themselves and similarly situated §
BOARDWALK PIPELINE § C.A. No. 2018-0372
PARTNERS, LP UNITHOLDERS, §
§
    Plaintiffs Below, §
    Appellants, §
§
    v. §
BOARDWALK PIPELINE §
PARTNERS, LP, BOARDWALK §
PIPELINES HOLDING CORP., §
BOARDWALK GP, LP, §
BOARDWALK GP, LLC, and §
LOEWS CORPORATION, §
§
    Defendants Below, §
    Appellees. §

Submitted: January 12, 2026
Decided:  January 20, 2026

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW** and **GRIFFITHS**, Justices, constituting the Court *en banc*.

## ORDER

The Court has considered the Appellee's Motion for Reargument and the

Appellants' Motion for Reargument/Clarification, and it appears that:

(1)     The Court's majority opinion misconstrued the scope of the plaintiffs' unjust-enrichment claim under Count V of the operative complaint.  In particular, the majority's decision was based on its understanding that the plaintiffs' unjust-enrichment claim was premised solely on the defendants' payment of a Call Right exercise price that was artificially depressed by the Potential Exercise Disclosures.  And because we agreed with the Court of Chancery's dismissal of the plaintiffs' disclosure claim, we affirmed the Court of Chancery's dismissal of the plaintiffs' unjust-enrichment claim in its entirety.

(2)     We are now convinced that our understanding of the scope of the plaintiffs' unjust enrichment claim was incomplete.  Although Count V of the complaint is centered on the relationship between the Potential Exercise Disclosures and the alleged unjust enrichment of Loews, it also alleges separately, albeit obscurely,[1] that the defendants were unjustly enriched because of their wrongful exercise of the Call Right.  We also note that this aspect of the plaintiffs' unjust-

---

[1] The main paragraph of the seven-paragraph unjust-enrichment Count V reads:  "BGPLP, BPHC, and Loews have benefitted and were unjustly enriched by their exercise of the Call Right to cash out the minority unitholders at an artificially depressed price following the misleading Potential Exercise Disclosures that they engineered."  App. to Opening Br. in Case No. 1, 2022 at A558.  The five paragraphs that followed this allegation address the elements of unjust enrichment.  In the paragraph touching upon the absence of justification, the complaint alleges that "Defendants' enrichment at Plaintiffs' expense was wholly without justification, because *both the Potential Exercise Disclosures and the Exercise of the Call Right* breached the Partnership Agreement."  *Id*. at A559. (emphasis added).

2

enrichment claim was addressed separately by the Court of Chancery in its Remand Opinion.[2]

(3)    In their response to the plaintiffs' motion for reargument, the defendants do not seriously contest the plaintiffs' assertion that their unjust-enrichment claim was grounded, not only on the Potential Exercise Disclosure claim, but also on the Call Right Exercise itself.  Instead, the defendants argue that (i) this Court affirmed the Court of Chancery's dismissal of the plaintiffs' unjust-enrichment claim, "consistent with the well-settled law, and with the benefit of full briefing on the issue," and (ii) if we did overlook the claim, "the appropriate fix is not to have the trial court evaluate the claim again but rather for this Court to now address the dismissal and decide whether to affirm."

(4)    This latter suggestion aligns with the defendants' separate motion for reargument, which takes us to task for remanding the case to the Court of Chancery for consideration of the plaintiffs' tortious-interference claim.  For the defendants, our courts' adjudication of this matter has been insufficiently prompt or predictable.  Out of respect for the trial court and its views on the issues that remain to be decided, however, we stand by our decision to remand.

---

[2] *Bandera Master Fund L.P. v. Boardwalk Pipeline Partners, LP*, 2024 WL 4115729, at *48–49 (Del. Ch. Sept. 9, 2024).

(5) As to the former ground in opposition to the plaintiffs' motion, we disagree with the premise. True, we affirmed the trial court's dismissal of Count V—the plaintiffs' unjust-enrichment claim—because we understood it to have been grounded exclusively on the Potential Exercise Disclosures, and we found the underlying claim based on those disclosures to be without merit. But we did not address the Court of Chancery's judgment in the defendants' favor on the plaintiffs' claim that Loews was unjustly enriched by the Call Right Exercise.

(6) For these reasons, we clarify that our affirmance of the Court of Chancery's judgment in the defendants' favor on Count V does not extend to the plaintiffs' unjust-enrichment claim based on the exercise of the Call Right, but only to that claim to the extent it is based on the Potential Exercise Disclosures.[3] In all other respects, the parties' motions for reargument are denied.

IT IS SO ORDERED this 20th day of January, 2026.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] Justice Valihura and Justice LeGrow continue to believe that this Court should affirm the Court of Chancery's decision dismissing the unjust enrichment claim in its entirety, as explained in their dissenting opinion. But with their colleagues in the majority firmly adhering to their views, Justice Valihura and Justice LeGrow do not oppose allowing the remand to proceed with this additional clarification.